TRANSMATION, INC.

v.

GAY ENGINEERING & SALES CO., Inc.

Civ. A. No. 70–H–126.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 17, 1971.

James F. Weiler, Fulbright, Crooker & Jaworski, Houston, Tex., for plaintiff.

Robert Dickerson, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Defendant in this patent suit has moved to stay proceedings pending the final determination of a related action recently filed in the federal district court for the Northern District of Ohio.

Plaintiff instituted the present proceedings for patent infringement in February, 1970. In December, Acromag, the manufacturer of technical equipment which defendant Gay distributes in Texas, filed an action in Ohio for a declaratory judgment requesting that the same patent at issue in the present suit be declared invalid and not infringed by Acromag. Acromag's Texas distributor, defendant Gay, now moves for a stay in the instant action.

Gay submits that the Northern District of Ohio is the more convenient forum for all the parties to this case. With respect to geographical proximity, Ohio is an arguably more convenient forum than is Texas. Plaintiff's principal place of business is in Rochester, New York; Acromag's in Wixom, Michigan. None of the three principals, however, have places of business in the Northern District of Ohio.

Proximity itself is not a sufficient basis for denying to plaintiff the privilege of choosing its forum. That privilege is augmented here by the relative age of the two suits. In view of Gay's admission that Acromag prepared Gay's answer and counterclaim in the case at bar, and that Acromag has agreed to indemnify Gay for its costs, Acromag's delay of ten months in filing the Ohio suit must be held to increase Gay's burden of showing that the present proceedings should await the results of the Ohio action.

The court has very recently held a pretrial conference in this case; in addition, some discovery has already been completed. The litigation, pending in this court for a year, has progressed to a stage at which it would be both burdensome and unfair to allow defendant to effect delay on account of a case less than two months old. Accordingly, defendant's motion to stay these proceedings is denied, and the case is set for trial before this court on October 4, 1971.